# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| **MARY DUVALL,** 113 S. Main Street, Apt. 502 Urbana, Ohio 43078 | : : : : | Case No.: 3:18-cv-162 |
| Plaintiff, | : : | JUDGE: |
| vs. | : : | MAGISTRATE JUDGE: |
| **PAMELA THORPE,** 231 New Haven Drive Urbana, Ohio 43078 | : : : : : | **Jury Demand Endorsed Hereon** |
| and | : : | |
| **YOUR HOME APARTMENT RENTALS,** 113 S. Main Street Urbana, Ohio 43078 | : : : : : | |
| Defendants. | : | |

## COMPLAINT

NOW COMES Plaintiff Mary Duvall ("Plaintiff") and proffers this Complaint for damages against Defendants Pamela Thorpe and Your Home Apartment Rentals ("Defendants").

## JURISDICTION AND VENUE

1. This action is brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201, *et seq*., the Ohio Minimum Fair Wage Standards Act ("OMWFSA"), R.C. Chapter 4111, and the Ohio Prompt Pay Act, R.C. Chapter 4113.

2. Jurisdiction is conferred upon this Court by 28 U.S.C. § 1331 and 29 U.S.C. § 1332(e), which provide for original jurisdiction of Plaintiff's claims arising under the law of the United States and over actions to secure equitable and other relief.

3. This Court has jurisdiction over Plaintiff's claims under the statutory law of Ohio pursuant to supplemental jurisdiction as codified at 28 U.S.C. § 1367.

4. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendants in the Southern District of Ohio and performed her job duties there, and Defendants are doing and have done substantial business in the Southern District of Ohio.

## THE PARTIES

5. Plaintiff Mary Duvall is an individual, a United States citizen, and a resident of Urbana, Ohio. Plaintiff resides in Champaign County, Ohio.

6. At all times relevant herein, Plaintiff was an "employee" of Defendants as that term is defined by the FLSA and OMFWSA.

7. Upon information and belief, Defendant Pamela Thorpe is an individual, a United States citizen, and a resident of Champaign County, Ohio.

8. Upon information and belief, Defendant Pamela Thorpe is the sole proprietor of Defendant Your Home Apartment Rentals in Champaign County, Ohio.

9. Upon information and belief, Defendants operates apartment rental units located at 111 and 113 S. Main Street, Urbana, Ohio 43078.

10. At all times relevant herein, Defendants were "covered employers" as defined in the FLSA and OMFWSA.

11. At all times relevant herein, Defendants were engaged in interstate commerce or in the production of goods for commerce, and/or the business activities of Defendants constituted an enterprise engaged in interstate commerce within the meaning of the FLSA, and/or Defendants have an annual dollar volume of sales or business of at least $500,000.

**FACTUAL BACKGROUND**

12. Plaintiff is currently a tenant in one of apartment rental units owned by Defendants, located at 113 S. Main Street, Urbana, Ohio 43078.

13. In or around late January 2016, Defendants developed a need to hire an employee to monitor the security cameras at that rental apartment unit where Plaintiff resided.

14. Defendants offered the position to Plaintiff. It was agreed that Plaintiff would be paid on an hourly basis, at a rate of nine dollars ($9.00) per hour.

15. Initially, Defendants scheduled Plaintiff to work seven (7) nights per week, Monday through Sunday, from 12:00 a.m. until 3:00 a.m. or after.

16. At all times relevant herein, Plaintiff's job duties included watching the live feed security cameras, performing area checks on each floor of the apartment building, turning lights off in unused common areas, and ensuring doors leading in and out of the apartment building were locked at certain times.

17. In or around March 2016, an incident occurred in which a tenant tried to damage the apartment building. The incident occurred outside of Plaintiff's shift.

18. Thereafter, Defendants increased Plaintiff's shift to eight (8) or more hours per shift. Plaintiff continued working seven (7) nights per week. Thus, Plaintiff regularly worked more than fifty (50) hours per week.

19. Plaintiff worked the agreed-upon shifts for several months but received no compensation from Defendants. In or around May 2016, Plaintiff asked Defendants for payment in full for the hours she had worked.

20. Defendant Thorpe stated she would pay Plaintiff when her business partner returned from an overseas trip.

21. Plaintiff continued working in good faith for Defendants, believing that she would eventually receive her full pay for the hours she worked.

22. On or around October 11, 2016, and at all times relevant hereinafter, Plaintiff's shift again changed and she began working approximately six (6) hours per shift, seven (7) nights per week.

23. In or around May 2017, Plaintiff again asked Defendants for payment for the hours she had worked.

24. Defendant Thorpe stated that her business partner would return from overseas on July 8, 2017 and that Defendants would pay Plaintiff when her business partner returned.

25. At that time, Defendant Thorpe asked Plaintiff to submit time sheets of hours she had worked up to that point.

26. Plaintiff provided Defendants with her time sheets, as well as daily journal logs that Plaintiff used to record all work-related activities during her shifts.

27. Plaintiff continued working for Defendants until approximately late April 2018. Around that time, Defendant Thorpe told Plaintiff her services were no longer needed because Defendants could not afford to pay her.

28. During Plaintiff's employment with Defendants, Plaintiff was never compensated for any hours she worked, including overtime hours. As of the date of the filing of this complaint, Plaintiff has received no compensation for the work she performed for Defendants.

29. Upon information and belief, Defendants have hired other employees to perform cleaning and maintenance tasks and Defendants have compensated those employees for hours worked.

30. Defendants' decision not to pay Plaintiff demonstrates a willful violation of law.

## COUNT I
### (FLSA – Failure to Pay Minimum Wage)

31. All of the preceding paragraphs are realleged as if fully rewritten herein.

32. Defendants violated the FLSA, 29 U.S.C. § 206(a), by failing to pay Plaintiff at least minimum wage for all hours worked.

33. Defendants knew or should have known of the minimum wage payment requirement of the FLSA.

34. Plaintiff is not exempt from the provisions of the FLSA, and Defendants knew or should have known that Plaintiff was entitled to be paid no less than the minimum wage payment for all hours worked.

35. Defendants knowingly and willfully failed to properly pay Plaintiff when Defendants refused to compensate Plaintiff for all hours worked.

36. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continue to suffer damages. Plaintiff is entitled to recover unpaid wages, liquidated damages, interest, attorneys' fees and costs, punitive damages, and all other remedies available under the FLSA.

## COUNT II
### (OMFWSA and § 34a of the Ohio Constitution – Failure to Pay Minimum Wage)

37. All of the preceding paragraphs are realleged as if fully rewritten herein.

38. Defendants have violated the Ohio Minimum Fair Wage Standards Act, Ohio Revised Code, Section 4111 *et seq.* and Section 34a of the Ohio Constitution by not paying Plaintiff minimum wage for all hours worked.

39. Defendants' knowing failure to properly pay Plaintiff was a violation of Chapter 4111 of the O.R.C and Section 34a of the Ohio Constitution.

40. For Defendants' violation of O.R.C. 4111 and Section 34a of the Ohio Constitution, Plaintiff is entitled to recover unpaid wages, an additional two (2) times the unpaid wages, interest, attorneys' fees and costs, and all other remedies available under Ohio law.

## COUNT III
### (FLSA - Failure to Pay Overtime)

41. All of the preceding paragraphs are realleged as if fully rewritten herein.

42. Plaintiff was an employee of Defendants within the previous three years of the filing of this Complaint.

43. Plaintiff was not exempt from the overtime requirements of the FLSA.

44. Plaintiff was not paid an overtime premium for all hours worked in excess of 40 in a workweek at her regular rate of pay.

45. Defendants were aware that Plaintiff worked more than 40 hours per week but did not receive overtime compensation at a rate of one and one-half times her regular rate of pay for hours worked in excess of 40 per week.

46. Defendants knew of the overtime payment requirement of the FLSA and that Plaintiff was a non-exempt employee entitled to overtime compensation for all hours worked per week in excess of 40.

47. Defendants' refusal to properly compensate Plaintiff as required by the FLSA is a willful violation.

48. As a direct and proximate result of Defendants' conduct, Plaintiff has suffered and continue to suffer damages. Plaintiff is entitled to recover unpaid wages, liquidated damages, interest, attorneys' fees and costs, punitive damages, and all other remedies available under the FLSA.

## COUNT IV
### (OMFWSA - Failure to Pay Overtime)

49. All of the preceding paragraphs are realleged as if fully rewritten herein.

50. This claim is brought under Ohio law.

51. Defendants' knowing failure to pay Plaintiff overtime wages for hours worked in excess of forty (40) per workweek was a violation of Section 4111.03 of the Ohio Revised Code.

52. For the Defendants' violations of ORC 4111.03, Plaintiff is entitled to recover unpaid overtime wages, interest, attorneys' fees and costs, and all other remedies available under Ohio law.

## COUNT V
### (R.C. 4113.15 – Failure to Tender Pay by Regular Payday)

53. All of the preceding paragraphs are realleged as if fully rewritten herein.

54. Plaintiff asserts this claim under R.C. 4113.15, which requires Defendants to pay their employees within thirty (30) days of the performance of compensable work.

55. Defendants failed to make proper wage payments to Plaintiff for all hours worked.

56. By failing to make the wage payments within 30 days of when such payments were due, Defendants have violated R.C. 4113.15.

WHEREFORE, Plaintiff prays for the following relief:

    A. A declaratory judgment that Defendants' practices complained of herein are unlawful under the FLSA and Ohio law;

    B. An award of monetary damages, including unpaid minimum wages and unpaid overtime wages due under the FLSA, OMFWSA, and R.C. § 4113.15;

    C. An award of statutory and/or liquidated damages and/or treble damages as a result of Defendants' violations;

D.  An award of prejudgment and post judgment interest;

E.  An award of costs and expenses of this action together with reasonable attorneys' fees and expert fees;

F.  Such other legal and equitable relief as this Court deems appropriate, but in any event not less than $75,000.00.

Respectfully submitted,

*/s/Greg Mansell*
Greg R. Mansell (0085197)
(*Greg@MansellLawLLC.com*)
Carrie J. Dyer (0090539)
(*Carrie@MansellLawLLC.com*)
**Mansell Law, LLC**
1457 S. High St.
Columbus, Ohio 43207
Ph: (614) 610-4134
Fax: (513) 826-9311
*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

*/s/Greg R. Mansell*
Greg R. Mansell (0085197)